UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ROBERT DEMOS JR,<br><br>    Petitioner,<br> v.<br><br>WASHINGTON STATE SUPREME COURT,<br><br>    Respondent. | Case No. C22-5342 JHC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for June 24, 2022 |

This case has been referred to Magistrate Judge Theresa L. Fricke pursuant to 28 U.S.C. § 636(b)(1) and Local Rule MJR 3 and 4. Petitioner John Demos, a state prisoner, has filed an application to proceed *in forma pauperis* ("IFP") and a proposed federal habeas corpus petition under 28 U.S.C. § 2241. Dkt. 1-1. For the reasons discussed below, the Court should deny petitioner's IFP application and should dismiss the petition without prejudice.

Petitioner is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993). An Order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW

(W.D. Wash. Mar. 13, 1997). In addition, petitioner may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992); *In re Complaints and Petitions Submitted by John Robert Demos* (W.D. Wash. Dec. 15, 1982). Petitioner has already reached this annual limit. *See, e.g., Demos v. Wash. Dep't of Corr.*, 2:22-cv-00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

Because petitioner has submitted no filing fee, the Court recommends the Court deny petitioner's IFP application and dismiss the current petition without prejudice. Moreover, petitioner may not proceed with a second or successive habeas petition here unless and until the Ninth Circuit authorizes its filing. *See*, 28 U.S.C. § 2244(b)(3)(A).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Federal Rule of Civil Procedure (FRCP) 72(b); *see also* FRCP 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed set this matter for consideration on **June 24, 2022**, as noted in the caption.

Dated this 8th day of June, 2022.

Theresa L. Fricke
United States Magistrate Judge